RECEIVED
IN LAKE CHARLES, LA
OCT 29 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08 CR 0043-002 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JOSHUA G. RANKINS | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are objections by both the Government and the defendant, Joshua G. Rankins ("Rankins") to the Presentence Report ("PSR") prepared by the Probation Department.

The purpose of the Government's objection is to clarify ¶63 of the PSR regarding the impact of the plea agreement. The Government states that had Rankins been convicted on Counts 1 and 4, after the Government filed an information of prior conviction, the mandatory minimum sentence on those counts would have been twenty (20) years. This objection has no impact on the Guidelines calculation and requires no ruling by the court.

The defendant offers a clarification with respect to the Government's objection. Rankins submits that the defendant's prior conviction would not serve as a basis for a sentence enhancement as it relates to an offense that occurred after the instant offense. Probation responded that they could not accurately assess the veracity of this position as an Information of Prior Conviction has not been filed. This does not affect the guideline computation and requires no ruling by the court.

The defendant objects to the inclusion of the marijuana and hydrocodone found on an I-beam in the garage. The amounts were negligible and Probation determined that they were most likely

possessed solely by the co-defendant. These amounts were removed from the PSR. This requires no ruling.

The defendant also objects to the calculation used to arrive at the offense level, in particular the disparity involving cocaine in its crack versus powder form. Probation, however, calculated the amount as required in USSG §2D1.1. The United States Sentencing Commission has addressed the disparity by providing a two-level offense reduction when cocain base is involved. This objection is OVERRULED.

Rankins objects to the addition of a criminal history point with respect to the misdemeanor conviction listed in ¶34 of the PSR. Rankins states that although the paperwork indicates that he had appointed counsel, he never met with or consulted an attorney about his plea. The certified Judgment, as well as accompanying forms, indicates that Rankins was represented by counsel. This point was properly assigned. This objection is OVERRULED.

The defendant objects to the criminal history category arguing that it over-represents his criminal history or the likelihood that he will commit other crimes. The criminal history category was properly assessed according to the Sentencing Table in USSG Chapter 5, Part A. This objection is OVERRULED.

Lake Charles, Louisiana, this 29 day of October, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE